IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

UNITED STATES OF AMERICA,

Case No. 3:19-cr-00044-AA
6:12-cr-00550-AA
**OPINION**

v.

COREY HOMESTEAD,

        Defendant.

AIKEN, District Judge:

    The Court previously heard oral argument regarding defendant's Motion for Release from Custody pending sentencing. The Court denied the motion on the record. This formal order provides written reasons for the denial.

    Defendant was arrested and ordered detained based on a grand jury indictment in Case No. 3:19-cr-00044-AA on April 9, 2019. Other than a 6-hour temporary release granted by this Court on May 6, 2019, defendant has been held in custody since that time.

Page 1 – OPINION

Defendant later pleaded guilty to two counts of Bank Robbery in violation of 18 U.S.C. § 2113(a) in Case No. 3:19-cr-00044-AA. Doc. 38. Defendant also has outstanding Supervised Release Violation allegations in Case No. 6:12-cr-00550-AA.

Defendant previously moved for release from custody to allow him to participate in impatient treatment for his substance abuse addiction. This Court denied that motion on January 15, 2020.

In plaintiff's latest motion for release, he points to concerns regarding possibly contracting the 2019 novel coronavirus ("COVID-19") while in custody. He notes that he suffers from emphysema and has a history or respiratory distress. The government opposes the motion arguing that defendant had not shown a particularized threat from the virus and that he posed a danger to the community and risk of flight.

Here, release pending sentencing is governed by Fed. R. Crim. P. 46(c) and 18 U.S.C. § 3143. The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant. Section 3143 provides:

> Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

Page 2 – OPINION

18. U.S.C. § 3143(a)(1). However, the Court may release a defendant pending sentencing if "it is shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c).

As stated on the record, the Court finds that defendant has not shown that release would be appropriate at this time. First, the Court finds that defendant has not presented clear and convincing evidence which indicates defendant would not present a danger to the community or a risk of flight. In making that determination, the Court adopts its previous rationale in denying defendant's motion for release to participate in inpatient treatment and has considered the factors outlined in 18 U.S.C. 3142(g) given current circumstance. Further, while defendant does suffer from underlying health issues, he has not shown that exceptional reasons as outlined in § 3145(c) exist at this time. The Court finds that there is no imminent threat of exposure given the low case numbers and current practices at FCI Sheridan where defendant is currently being housed.

The Court, however, does take the threat posed by COVID-19 very seriously. Accordingly, defendant is granted leave to refile his motion should his health conditions or COVID-19 circumstances at FCI Sheridan significantly change.

IT IS SO ORDERED

Dated this  28th  day of October, 2020.

/s/Ann Aiken
Ann Aiken
United States District Judge

Page 3 – OPINION